**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS SOTO-ROJAS, | No.    15-73504 |
| Petitioner, | Agency No. A205-297-402 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jesus Soto-Rojas, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Soto-Rojas established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 208.4(a)(4)-(5). Thus, Soto-Rojas' asylum claim fails.

The BIA did not err in finding that Soto-Rojas failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Substantial evidence supports the agency's determination that Soto-Rojas otherwise failed to establish that he would be persecuted on account of a protected

ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Soto-Rojas' withholding of removal claim fails.

We lack jurisdiction to consider Soto-Rojas' contention as to political opinion because he did not raise it to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the agency's denial of CAT relief because Soto-Rojas failed to show that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The record does not support Soto-Rojas' contentions that the agency failed to consider all relevant evidence or otherwise erred in considering CAT relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**